FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

2004 AUG 31 AM 11:45

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| Erling A. Hielm <br> Vera S. Hielm <br><br> Plaintiffs, <br><br> v. <br><br> GMAC Mortgage Corporation <br> dba ditech.com, <br><br> Defendant. | Civil No. 6:04-CV-1316-ORL-22-DAB <br><br> TRIAL BY JURY DEMANDED |

16127
150.00
8/31/04

## COMPLAINT

Erling A. Hielm and Vera S. Hielm, Plaintiffs, complain as follows against GMAC Mortgage Corporation dba ditech.com ("ditech"):

### INTRODUCTION

1. The defendant, ditech is a large, sophisticated lender that solicits clients for second mortgage loans through a massive television campaign and through the use of an internet web site. Ditech advertises that it allows the public to deal directly with the lender and avoid the middleman, implying that it will cost the borrower less than a traditional loan through a bank.

2. Plaintiffs were charged at least $2,145 up front for a $17,500 loan with an alleged Annual Percentage Rate ("APR") of 19.834%. The loan was secured by a second mortgage against the plaintiffs' home.

1

3. This is an action pursuant to the Truth in Lending Act ("TILA"), codified at 15 U.S.C. Sec 1601 et. seq. TILA was enacted by Congress in 1968 as Title I of the Consumer Protection Act. TILA is a remedial statute that is to be construed liberally. *Ellis v. GMAC*, 160 F.3d 703, 707 (11th Cir. 1998).

4. The Federal Reserve Board adopted Regulation Z shortly after enactment of the 1968 Act. Regulation Z can be found at 12 CFR 226.1 et seq. The purpose of TILA and Regulation Z is to promote the informed use of credit and level the playing field between competing creditors.

5. The law is designed to protect consumers in credit transactions by requiring the clear disclosure of the key terms and costs of the lending transaction. The goal of TILA is to enable the consumer to understand what their actual costs of borrowing will be on a given transaction.

6. TILA intends to provide consumers with an informed understanding of the cost of credit by forcing lenders to make certain disclosures.

7. Additionally, TILA provides for material disclosures under 15 U.S.C. Sec. 1601 (u), which includes "the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number of and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by [15 U.S.C. Sec. 1639 (a).]".

8. Additionally, when a consumer is using their home as collateral for a loan. The TILA provides the consumer with the right to cancel non-purchase money loans that include liens on their homes. See 15 U.S.C. Sec. 1635 (a).

9. The right to cancel may be exercised until midnight of the third business day after the loan is consummated. This right may be extended up to three years if the consumer borrower is not provided accurate material disclosures. See 15 U.S.C. Sec. 1635 (f).

10. In 1994, Congress added to the TILA by enacting the Home Ownership Equity Protection Act, 15 U.S.C. § 1639, ("HOEPA"). HOEPA was enacted by Congress to curb predatory lending.

11. Congress found that several high-rate lenders were using non-purchase money mortgages to take advantage of unsophisticated and low income homeowners in a "predatory" fashion. See S. Rep. 103-169, 1994 U.S.C.C.A.N. 1881, 1907.

12. HOEPA provides additional protections for consumers whose loan falls within the definition of a "High Cost Mortgage". A loan is considered a "high cost mortgage" and triggers the HOEPA requirements if one of two tests is met. The first test is whether the consumer was charged more than 8% of the "total loan amount" in points and fees. In setting the 8% bright line test Congress found that the 8% level for points and fees was well above the industry average. The 8% trigger was to "prevent unscrupulous creditors from using grossly inflated fees and charges to take advantage of unwitting consumers". S. Rep. 103-169, 1994 U.S.S.C.A.N. 1881,

1908. The second test is whether the APR exceeds the comparable treasuries rate by more than 10%.

13. The loan made to plaintiffs was a high cost loan since Ditech charged the plaintiffs an APR that exceeded the applicable treasuries rate by more than 10% and points and fees in excess of 8% of the "total loan amount".

## JURISDICTION

14. This Court has jurisdiction under 28 USC § 1331 in that the complaint deals with federal questions arising from federal statutes.

## VENUE

15. Venue is proper in this District where the defendant resides pursuant to 28 U.S.C. Sec. 1391 (b).

## PARTIES

16. Each Plaintiff is a "consumer" as defined under TILA, 15 USC § 1602(h).

17. The plaintiffs are residents of Florida.

18. Defendant, ditech, is a mortgage company and a "creditor" as defined under TILA, 15 USC § 1602(f).

19. Ditech has made more than five loans secured by real property in the each of the years 1999, 2000, and 2001.

## FIRST COUNT

## VIOLATION OF TRUTH IN LENDING ACT

20. Plaintiffs incorporate by reference, the allegations in the foregoing paragraphs.

21. The plaintiffs entered into a loan that was secured by the plaintiffs' principal dwelling.

22. The plaintiffs were entitled to notice of a right to cancel the transaction.

23. The notice was required to set forth the date the right to cancel period expires pursuant to 12 CFR Sec. 226.23 (b)(1)(v).

24. The single notice given to each plaintiff did not provide the date that the right to cancel expired. As a result, the Plaintiffs were not given the proper, required notice of the right to cancel in violation of the TILA. See Notice of Right to Cancel attached as Exhibit 1.

25. The schedule of payments provided to the plaintiffs was inaccurate. The first payment was not due on August 1, 2000 as set forth on the Truth In Lending Disclosure Statement, which is attached as Exhibit2. The first payment was paid from the loan proceeds. See Settlement Statement attached as Exhibit 3.

26. The date of the note was June 21, 2000.

27. Plaintiffs gave the defendant written notice of an election to cancel the transaction within three years of the date set forth on the note.

28. Plaintiffs' written election to cancel was given on May 22, 2003.

29. A response is required within 20 days. See 15 U.S.C. Sec. 1635 (a).

30. The defendant did not honor or respond to the plaintiffs' written election to cancel at any time.

31. Plaintiffs were forced to file this action to confirm the election to cancel. Plaintiffs did not sell their home or refinance before giving their election to cancel.

Wherefore, plaintiffs pray this court grant the following relief in plaintiffs' favor and against defendant, ditech:

    a.    A judgment enforcing the election to rescind the transaction and granting the plaintiffs the relief they are entitled to under 15 U.S.C. § 1635;

    b.    An award of statutory damages under 15 U.S.C. Sec. 1640 for ditech's failure to timely respond to the plaintiffs' notice of election to cancel;

    c.    An award of costs and attorneys fees;

    d.    Such other and further relief that the nature of the plaintiffs' cause may require.

## SECOND COUNT

## VIOLATION OF HOME OWNERSHIP EQUITY PROTECTION ACT

32. Plaintiffs incorporate by reference, the foregoing allegations.

33. Plaintiffs were charged an APR that exceeded the applicable treasuries rate by more than 10% and points and fees in excess of 8% of the "total loan amount".

34. The plaintiffs' loan falls within the definition of a "high cost" mortgage as that term is defined by 15 U.S.C. § 1602 (aa).

35. The plaintiffs' loan falls within the parameters of HOEPA, 15 U.S.C. § 1639.

36. HOEPA requires that certain disclosures be made in conspicuous type size to consumers at least three business days before loan consummation. See 15 U.S.C. Sec. 1639 (b)(1). The plaintiffs were not provided these notices.

37. The plaintiffs were not provided the notices three business days in advance as required by 15 U.S.C. Sec. 1639 (b).

38. The disclosures required by 15 U.S.C. Sec. 1639 (a) are deemed material disclosures under 15 U.S.C. Sec. 1602 (u).

39. The defendant included a prepayment penalty that failed to comply with 15 U.S.C. Sec. 1639 (c)(2)(B). See Prepayment Penalty Provision attached as Exhibit 4. A copy of this was subsequently provided to the plaintiffs but not given to them with the other loan documents.

40. The inclusion of terms, prohibited by HOEPA, are deemed to be failure to provide material disclosures for purposes of rescission. 15 U.S.C. Sec. 1639 (j).

41. Plaintiffs gave the defendant written notice of the election to cancel the transaction within three years of the date set forth on the note.

42. The defendant did not honor or respond to the plaintiffs' written election to cancel at any time.

43. Plaintiffs were forced to file this action to confirm the election to cancel.

Wherefore, plaintiffs pray this court grant the following relief in favor of the plaintiffs and against defendant, ditech:

    a.     A judgment confirming the election to cancel the transaction and granting the plaintiffs the relief the plaintiffs are entitled to under 15 U.S.C. § 1635;

b.  An award of statutory damages under 15 U.S.C. Sec. 1640 for ditech's failure to timely respond to the plaintiffs' notice of their election to cancel;

c.  An award of costs and attorneys fees;

d.  Such other and further relief that the nature of the plaintiffs' cause may require.

## DEMAND FOR TRIAL BY JURY

The plaintiffs demand a trial by jury of plaintiffs' claims.

Respectfully submitted,

*Mary T. Szeluga*
Mary T. Szeluga, Esq.
TRIAL COUNSEL
Florida Bar No. 17388
Legg Law Firm, LLC.
5500 Buckeystown Pike
Frederick MD 21703
Tel. (301) 620-1016 or
(888) 534-4529
Fax (301) 620-1018
Attorneys for Plaintiffs.


Dennis R. O'Connor, Esq.
Bar No. **376574**
Cooney, Mattson, Lance, Blackburn,
    Richards & O'Connor
AmSouth Bank Center
111 North Orange Avenue, Suite 850
Orlando, FL  32801
Tel. 407.843.2100
Fax 407.843.2061
Email doconnor@cmlbro.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2004, I served a true and correct copy of the foregoing complaint, by depositing same in the U.S. Mail. first class postage prepaid, on the counsel for the defendants, to wit:

Nathan E. Nason, Esq.
Nason, Yeager, Gerson, White & Lioce, PA
1645 Palm Beach Lakes Blvd., Suite 1200
West Palm Beach, FL  33401

And

Mark S. Melodia, Esq.,
Reed Smith, LLP
136 Main Street, Suite 250
Princeton, NJ  08540

_____
Mary T. Szeluga

# EXHIBIT 1

## NOTICE OF RIGHT TO CANCEL
(General)

Borrower: Erling A. Hielm                                 Loan Number: 000652165496

Property Address: 18228 Ackerman Avenue        Lender: GMAC Mortgage Corporation DBA ditech.com
Port Charlotte, FL 33948

Tax I.D. No.: 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

---

**1. YOUR RIGHT TO CANCEL**

You are entering into a transaction that will result in a [mortgage/lien/security interest] [on/in] your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

(1) the date of the transaction, which is the date the promissory note and mortgage or deed of trust are actually signed and acknowledged by you (you have indicated that this will occur on) **June 21, 2000**           ; or
(2) the date you received your Truth-in-Lending disclosures; or
(3) the date you received this notice of your right to cancel.

If you cancel the transaction, the [mortgage/lien/security interest] is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the [mortgage/lien/security interest] [on/in] your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**2. HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at
**GMAC Mortgage Corporation DBA ditech.com, 3200 Park Center Dr. Suite 150, Costa Mesa, CA 92626**
(creditor's name and business address)

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of
_____
(date)
(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to rescind some other way, the notice must be delivered to us at the above address no later than 5:00 p.m. on the third business day following the date the loan is made.

**I WISH TO CANCEL**

_____                     _____
Customer's Signature                                            Date

---

ON THE DATE LISTED ABOVE I/WE THE UNDERSIGNED EACH RECEIVED TWO (2) COMPLETED COPIES OF THE NOTICE OF THE RIGHT TO CANCEL IN THE FORM PRESCRIBED BY LAW ADVISING ME/US OF MY/OUR RIGHT TO CANCEL THIS TRANSACTION.

_____   _____     _____   _____
Name                                      Date         Name Erling A. Hielm                     Date

_____   _____     _____   _____
Name                                      Date         Name Vera S. Hielm                        Date

## NOTICE OF RIGHT TO CANCEL
(General)

Borrower: **Vera S. Hielm**  Loan Number:   **000652165496**

Property Address: **18228 Ackerman Avenue**  Lender: **GMAC Mortgage Corporation DBA ditech.com**
**Port Charlotte, FL  33948**

Tax I.D. No.: **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**

---

**1. YOUR RIGHT TO CANCEL**
You are entering into a transaction that will result in a [mortgage/lien/security interest] [on/in] your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

(1) the date of the transaction, which is the date the promissory note and mortgage or deed of trust are actually signed and acknowledged by you (you have indicated that this will occur on) **June 21, 2000**         ; or
(2) the date you received your Truth-in-Lending disclosures; or
(3) the date you received this notice of your right to cancel.

If you cancel the transaction, the [mortgage/lien/security interest] is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the [mortgage/lien/security interest] [on/in] your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**2. HOW TO CANCEL**
If you decide to cancel this transaction, you may do so by notifying us in writing, at
**GMAC Mortgage Corporation DBA ditech.com, 3200 Park Center Dr. Suite 150, Costa Mesa, CA  92626**
(creditor's name and business address)
You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of _____
                                                                                                                                                                                (date)
(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to rescind some other way, the notice must be delivered to us at the above address no later than 5:00 p.m. on the third business day following the date the loan is made.

**I WISH TO CANCEL**

_____     _____
Customer's Signature                                                             Date

---

ON THE DATE LISTED ABOVE I/WE THE UNDERSIGNED EACH RECEIVED TWO (2) COMPLETED COPIES OF THE NOTICE OF THE RIGHT TO CANCEL IN THE FORM PRESCRIBED BY LAW ADVISING ME/US OF MY/OUR RIGHT TO CANCEL THIS TRANSACTION.

_____     _____
Name                                                                    Date       Name **Erling A. Hielm**                               Date

_____     _____
Name                                                                    Date       Name **Vera S. Hielm**                                 Date

# EXHIBIT 2

# TRUTH IN LENDING DISCLOSURE STATEMENT
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Applicant: Erling A. Hielm, Vera S. Hielm<br>18228 Ackerman Ave<br>Port Charlotte, FL 33948 | Lender: GMAC Mortgage Corporation DBA ditech.com<br>3200 Park Center Dr. Suite 150<br>Costa Mesa, CA 92626 |
|---|---|

Loan No: 000652165496

| Property: 18228 Ackerman Avenue<br>Port Charlotte, FL 33948 | Type of Loan: Conventional<br>Date: June 21, 2000<br>Disclosure Type: Final |
|---|---|

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 19.834 % | $ 60,330.55 | $ 15,095.26 | $ 75,425.81 |

REPAYMENT: See Payment Schedule below.

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|---|---|---|
| 299 | 251.48 | Monthly beginning 08/01/2000 | | | |
| 1 | 233.29 | Monthly beginning 07/01/2025 | | | |

DEMAND FEATURE: [X] This loan does not have a Demand Feature.  [ ] This loan has a Demand Feature as follows:

REQUIRED DEPOSIT: [ ] The annual percentage rate does not take into account your required deposit.

VARIABLE RATE FEATURE: [ ] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

SECURITY: You are giving a security interest in the property located at:   18228 Ackerman Avenue
Port Charlotte, FL 33948

ASSUMPTION: Someone buying this property [X] cannot assume the remainder of the mortgage on the original terms
[ ] may assume, subject to conditions, the remainder of the mortgage on the original terms.

FILING / RECORDING FEES: $ 96.25   NON-FILING INSURANCE: $ N/A

PROPERTY INSURANCE: [X] Homeowner's insurance, or fire and extended coverage, is a required condition of this loan. Also, if the property securing this loan is located in a flood hazard area, you will be required to obtain flood insurance. Borrower may purchase this insurance from any insurance company acceptable to lender.

LATE CHARGES: If a payment is more than 10 days late, you will be charged a late charge of  6.000 % of the payment.

PREPAYMENT: If you pay off your loan early, you
[X] may  [ ] will not   have to pay a prepayment penalty
[ ] may  [X] will not   have to pay a minimum finance charge.
[ ] may  [X] will not   be entitled to a refund of part of the finance charge.

See your contract documents for any additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_____  _____
BORROWER DATE            Erling A. Hielm         BORROWER DATE

_____  _____
BORROWER DATE            Vera S. Hielm           BORROWER DATE

159003  06 23 1999
LASER PRO, Reg. U.S. Pat. & T.M.Off., Version 2.0.8.7p14 (c) 2000 CFI ProServices, Inc. All Rights Reserved.

# EXHIBIT 3

**DiTech Escrow Services Inc.**
*3200 Park Center Suite 150*
Costa Mesa, CA 92626
949-622-8150

```
Loan Number:            000652165196      1st Payment Date:  8/1/2000
Processor:              Andrea Criswell   Interest Rate:     16.990%
Escrow Number:          FL 123173         Loan Type:         2ND
Escrow Officer:         OPEN              Loan Program:      REWD
Estimated Closing Date: 6/30/2000         Fee Program:       STD
Prepared Date:          6/21/2000         P&I Payment:       $546.00

ESCROW STATEMENT OF:    Erling A Hielm
                        Vera S Hielm

Property Address:       18228 Ackerman Avenue
                        Port Charlotte, FL 33948-
```

|  | Debits | Credits |
|---|---|---|
| NEW 2nd Trust Deed To: DiTech Funding Corp |  | 17,500.00 |
| MISCELLANEOUS ADJUSTMENTS: |  |  |
| Prepaid Interest @ $8.26 Per Day  6/30/2000 - 7/1/2000 | 8.26 |  |
| NEW LOAN CHARGES: |  |  |
| Loan Origination Fee @ 10.000 | 1,750.00 |  |
| Loan Discount | 0.00 |  |
| Administration Fee | 395.00 |  |
| First Payment | 251.48 |  |
| State /Intangible Tax | 35.00 |  |
| Mortgage Tax | 61.25 |  |
| Balance Due You (Estimated) | 14,999.01 |  |
| *ESTIMATED TOTAL* | 17,500.00 | 17,500.00 |

**THIS IS A FINAL SETTLEMENT STATEMENT.**

_____                _____
Erling A Hielm                           Vera S Hielm

# EXHIBIT 4

# MULTI-STATE 5 YEAR PREPAYMENT
# ADDENDUM TO NOTE

Date:               June 21, 2000

Loan Number:        000652165496

Borrower:           Erling A. Hielm, Vera S. Hielm

Property Address:   18228 Ackerman Avenue
                    Port Charlotte, FL  33948

This addendum is made this  Twenty-First   day of  June       , 2000  and is incorporated into and deemed to amend and supplement the Note of the same date.

Covering the property described in the security instrument and located at:

18228 Ackerman Avenue
Port Charlotte, FL. 33948

Amended Provisions. In addition to the provisions and agreements made in the Note, Borrower(s) further covenants and agrees as follows:

Paragraph number 6 of the Note is amended as follows:

6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE: I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of the entire unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full or partial prepayment; however, the Note Holder may charge me for the privilege of prepayment. If more than 20% of the original principal amount of this Note is prepaid in any 12-month period within 5 years after the date of this loan, I agree to pay a prepayment charge equal to 6 months interest on the amount prepaid which is in excess of 20% of the original principal amount of this Note. If I make a Partial Prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes.

Your acknowledgment below signifies that written notice was provided to you.

_____         _____
                                        Erling A. Hielm

_____         _____
                                        Vera S. Hielm

JS 44MD (Rev. 3/99)

# CIVIL COVER SHEET 6'04-CV-1316-22-DAB

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Erling A. Hielm and Vera S. Hielm

**DEFENDANTS**
GMAC Mortgage Corporation DBA

(b) County of Residence of First Listed Plaintiff  Charlotte
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mary T. Szeluga   (301) 620-1016
Legg Law Firm, LLC.
5500 Buckeystown Pike, Frederick, MD 21703

Attorneys (If Known)
Nathon E. Nason   (561) 686-3307
Nason, Yeager, Gerson, White & Lioce, PA
1645 W. Palm Beach Lakes Blvd., W PB, FL 33401

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☒ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 8/30/04   SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUN ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____